**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

ROSE JACOBSON,

          Plaintiff,

v.

MEDICREDIT, INC., a Missouri corporation,

          Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Rose Jacobson is a natural person.

8.      The Plaintiff resides in the City of Wheat Ridge, County of Jefferson, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Medicredit, Inc. is a Missouri corporation operating from an address at 3620 I-70 Drive SE, Suite C, Columbia, Missouri, 65201.

12.     The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.  Sometime before 2013 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family and household purposes namely amounts due and owing on personal medical accounts owed to St. Anthony Hospital (hereinafter collectively referred to as the "Accounts").

19.  The Accounts each constitute a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.  The Accounts went into default with the original creditor.

21.  After the Accounts went into default the Accounts were placed or otherwise transferred to the Defendant for collection including Defendant's file #'s 133641268 and 140560420.

22.  The Accounts were placed or otherwise transferred to the Defendant for collection.

23.  The Plaintiff disputes the Accounts.

24.  The Plaintiff requests that the Defendant cease all further communication on the Accounts.

25.  The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26.  The Defendant acted at all times mentioned herein through its employee(s).

27.  In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Accounts.

28.  The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Accounts conveyed information regarding the Accounts directly or indirectly to the Plaintiff.

29.  The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Accounts each constituted a "communication" as defined by FDCPA § 1692a(2).

30.  In April 2014 the Plaintiff had telephone conversation(s) regarding the Accounts with the Defendant via its employee(s).

31.  During the telephone conversation(s) in April 2014 between the Defendant and the Plaintiff regarding the Accounts the Defendant via its employee located the Accounts and informed the Plaintiff that the Defendant had the Accounts and stated the balance due on the Accounts.

32.  During the telephone conversation(s) in April 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff disputed the Accounts.

33.  During the telephone conversation(s) in April 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff disputed the Accounts with the Defendant.

34.  During the telephone conversation(s) in April 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff informed the Defendant that that Accounts are disputed.

35.   During the telephone conversation(s) in April 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff notified the Defendant that that Accounts are disputed.

36.   The Defendant was aware that the Accounts were disputed in April 2014.

37.   The Defendant had knowledge that the Accounts were disputed in April 2014.

38.   After April 2014 the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Experian and/or Equifax and/or Transunion, credit reporting agencies.

39.   After April 2014 when the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Experian and/or Equifax and/or Transunion the Defendant did not communicate to Experian and/or Equifax and/or Transunion that the Accounts are disputed.

40.   The information regarding the Accounts communicated to Experian and/or Equifax and/or Transunion by the Defendant after April 2014 conveyed information regarding the Accounts directly or indirectly to Experian and/or Equifax and/or Transunion.

41.   The information communicated to Experian and/or Equifax and/or Transunion by the Defendant after April 2014 on the Accounts constituted a "communication" as defined by FDCPA § 1692a(2).

42.    The Defendant communicated the information regarding the Accounts after April 2014 to Experian and/or Equifax and/or Transunion in connection with the collection of the Accounts.

43.    Upon information and belief in 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian and/or Equifax and/or Transunion.

44.    Upon information and belief in 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian and/or Equifax and/or Transunion.

45.    Upon information and belief in 2014 the Defendant reported information to Experian and/or Equifax and/or Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

46.    On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Accounts in April 2014.

47.    On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Accounts in April 2014.

48.     On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff regarding the Accounts in the year prior to the filing of the instant action.

49.     On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Accounts in the year prior to the filing of the instant action.

50.     On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Accounts in the year prior to the filing of the instant action.

51.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Accounts in the year prior to the filing of the instant action.

52.     On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Accounts in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

53.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion regarding the Accounts in 2014.

54.   The Defendant did not communicate to Experian and/or Equifax and/or Transunion that the Accounts are disputed on or before July 16, 2014.

55.   The Defendant's statement(s) and/or action(s) constitute false and/or deceptive and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

56.   Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

57.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

58.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

59.   As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

60.    The previous paragraphs are incorporated into this Count as if set forth in

full.

61.    The statement(s) and/or act(s) and/or omission(s) of the Defendant

constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8) and

e(10).

62.    Pursuant to FDCPA § 1692k the Plaintiff seeks damages,

costs and reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const.

amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.    Judgment in favor of the Plaintiff and against the Defendant.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.    Post Judgment Interest.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff